Hugh S. Coyle, J.
This is an action tried by the court without a jury brought by plaintiffs to restrain and enjoin the defendant, Meyer Rappaport, from doing business under his name or a contraction thereof to the alleged detriment of plaintiffs engaged in the same line of business. The individual plaintiff, Mary Leavy, was for a long period of years employed by one Hyman Rappaport, father of the present defendant, Meyer Rappaport, in the dry cleaning ■ and fur storage business. Subsequent to the death of the elder Rappaport, following a period wherein the business of the decedent was operated by plaintiff for the representatives of his estate, she, the plaintiff, Mary Leavy, bought the estate’s interest in said business and continued the operation of the dry cleaning business immediately across the street from a store which had formerly been used in this busi *297 ness and title to which, was subsequently acquired by the defendant. Defendant now operates one of his businesses in that location.
The evidence indicates clearly that a substantial degree of confusion has arisen and now persists in relation to the operation by defendant of a like business to that of plaintiffs, and in the use of the name “ Bappy’s Cleaners ”, or “ Bappy’s.” The existence of such confusion is obvious, and the sole question for determination here is whether or not there is an attempt to deceive -the public by defendant and, if so, whether the defendant should be restrained from using the family name or any contraction thereof in any business carried on by him in the area wherein both establishments operate.
The defendant apparently sought to gain all possible help he could in the use of the name Bappaport by filing trade name certificates and by some incorporations of various businesses, most of which include “Bappaport” or “ Bappy’s.” It is conceded that the defendant is not doing business under most of those names and that he is doing business under the corporate name of Riverside Cleaners, but that he does now do business under the name of “Rappy’s Cleaners ” or the original “ Bappaport
Considerable testimony was elicited with respect to the myriad organizations of defendant which are either doing business or dormant, but all, in the court’s opinion, seek to gain prestige and the benefit of good will and reputation enjoyed by the deceased elder Bappaport during his lifetime and to thus deprive plaintiffs of a valuable asset which was purchased by plaintiff from the estate and upon which plaintiff relied in making said purchase.
A deliberate attempt to deceive must be distinguished from a deliberate attempt to compete. (See Norwich Pharmacal Co. v. Sterling Drug, 271 F. 2d 569.)
After hearing the testimony in this case and observing the conduct of the witnesses, it is the opinion of this court that not only has there been shown an attempt to compete, and competition, but there manifestly appears to be a deliberate attempt to deceive the public.
Ample authority seems to exist to justify barring the use of one’s own name when such a use is a part of a pattern or scheme in an attempt to deceive.
Accordingly, judgment is granted to plaintiffs for the relief requested in the complaint and defendant is permanently restrained from using the title “Bappaport” or “Rappy’s ” or any contraction thereof in any business similar to the busi *298 ness operated by plaintiffs in the area of operation, to wit, the City of Yonkers.
This opinion shall constitute the decision of this court pursuant to section 440 of the Civil Practice Act. Settle order on notice.